[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-8905
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/17/98
THOMAS K. KAHN
CLERK

D.C. Docket No. 5:95-cv-319-4 (WDO)

JAMES HARRIS CHAMBERS,

Petitioner-Appellant,

versus

DAVID THOMPSON, Warden

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____
**(August 17, 1998)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

CARNES, Circuit Judge:

James Harris Chambers, a Georgia prisoner, appeals the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Chambers raised a variety of claims in his petition, some of which had never been raised in state court. The district court denied on the merits the claims that had been raised in state court, and it denied as procedurally barred those which had not been. (Any further description of the claims held to be procedurally barred would serve no purpose, given the general nature of the procedural bar issue and our resolution of it.) We agree with the merits disposition of the claims that had been raised in state court and do not discuss them further.

However, the district court's procedural bar holding as to the claims not raised in state court warrants further discussion, because that holding conflicts with our prior decision in Cherry v. Director, State Board of Corrections, 613 F.2d 1262 (5th Cir. 1980), adopted in relevant part, 635 F.2d 414, 417 (5th Cir. Jan. 27, 1981)(en banc), which dealt with the intersection of the Georgia successive petition default rule and federal procedural bar law. In this case, the district court held that the claims not raised in state court were barred from federal habeas review because of Chambers' failure to raise them in the first state habeas petition he had filed. By contrast, in Cherry we held that claims a Georgia prisoner failed to raise in his state habeas petition should be considered unexhausted and are not procedurally barred from

2

federal court review unless and until a Georgia court has been presented with those claims and has refused to consider them. See 613 F.2d at 1265.

If that part of Cherry is still good law, the district court should have held the claims Chambers failed to raise in his state habeas petition were unexhausted instead of holding them procedurally barred. The result would have been a mixed petition due to be dismissed without prejudice for failure to exhaust some of the claims, see, e.g., Rose v. Lundy, 455 U.S. 509, 519-20, 102 S. Ct. 1198, 1204 (1982), instead of a petition due to be denied with prejudice because there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted, see, e.g., Allen v. Alabama, 728 F.2d 1384, 1387 (11th Cir. 1984) (discussing the futility exception to the exhaustion requirement). However, in light of the Supreme Court's decisions in Engle v. Isaac, 456 U.S. 124, 125 n.28, 102 S. Ct. 1570-71 n.28 (1982), Castille v. Peoples, 489 U.S. 346, 109 S. Ct. 1056 (1989), Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989), and Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546 (1991), we conclude that Cherry is no longer good law.

As quoted in Cherry, 613 F.2d at 1265, the Georgia procedural default provision applicable to claims not raised in a prisoner's initial state habeas petition, provided as follows:

> All grounds for relief claimed by a petitioner for a
> writ of habeas corpus shall be raised by a petitioner in his

3

> original or amended petition. Any grounds not so raised are waived <u>unless</u> the Constitution of the United States or of the State of Georgia otherwise requires, or <u>any judge to whom the petition is assigned</u>, on considering a subsequent petition, <u>finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition</u>. Ga.Code Ann. § 50-127(10)(1979).

(emphasis added). The provision has since been recodified as Ga. Code Ann. § 9 - 14 - 51, without any material change. The emphasized language is exactly the same now as then. The <u>Cherry</u> court read that language to mean state remedies have not been exhausted and the federal procedural bar does not apply, until a state court judge has considered the claim in question and decided that it could not "reasonably have been raised" in the initial state habeas petition. <u>See</u> 613 F.2d at 1264 ("If [a state court] judge has not decided that, then a possible state remedy has not been completely exhausted.").

We are bound to follow a prior panel or en banc holding, except where that holding has been overruled or undermined to the point of abrogation by a subsequent en banc or Supreme Court decision. <u>See</u>, e.g., <u>Cargill v. Turpin</u>, 120 F.2d 1366, 1386 (11th Cir. 1997); <u>United States v. Hogan</u>, 986 F.2d 1364, 1369 (11th Cir. 1993). "To the extent of any inconsistency between our [prior opinions'] pronouncements and the Supreme Court's supervening ones, of course, we are required to heed those of the Supreme Court." <u>Davis v. Singletary</u>, 119 F.3d 1471, 1482 (11th Cir. 1997). The

4

holding in <u>Cherry</u> that a Georgia prisoner's claim not raised in an initial state habeas petition cannot be deemed by a federal court to be procedurally defaulted until a state court says it is, is inconsistent with subsequent pronouncements of the Supreme Court.

Two years after our holding in <u>Cherry</u> and one year after the en banc opinion adopted it, the Supreme Court held some claims to be procedurally barred from federal habeas review based upon its prediction that state courts would hold a state collateral remedy was unavailable to the petitioners in the circumstances. See <u>Engle v. Isaac</u>, 456 U.S. 124, 125 n.28, 102 S. Ct. 1570-71 n.28 (1982). Seven years later, the Supreme Court said in <u>Castille v. Peoples</u>, 489 U.S. at 351, 109 S. Ct. at 1060, that a federal habeas court could hold claims were procedurally defaulted, and therefore exhausted, "if it is clear that [the] claims are now procedurally barred under [state] law." The same day, the Court also held the rule requiring state court procedural bar holdings to be clearly and expressly stated "is simply inapplicable in a case such as this one, where the claim was never presented to the state courts." <u>Teague v. Lane</u>, 489 U.S. at 298-99, 109 S. Ct. at 1061. More recently, in <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1 (1991), the Court reiterated that the clear expression rule "does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."

5

The pronouncements in <u>Engle</u>, <u>Castille</u>, <u>Teague</u>, and <u>Coleman</u> are inconsistent with <u>Cherry</u>'s earlier holding that there can be no procedural default until a state court has said so.

After all of those Supreme Court decisions came our decision in <u>Burger v. Zant</u>, 984 F.2d 1129, 1135 (11th Cir. 1993), involving the same Georgia successive petition statute at issue in <u>Cherry</u> and in this case. Our <u>Burger</u> decision demonstrates that the Georgia statute should be applied and enforced in a federal habeas proceeding even though there is no state court decision applying it to the claim in question. We held a claim to be procedurally barred in <u>Burger</u> based upon our prediction that the Georgia statute "would lead a state habeas court to find this claim procedurally defaulted because Burger did not raise it in his first or second state habeas corpus petitions." <u>Id</u>. Although our <u>Burger</u> opinion did not explicitly deal with <u>Cherry</u>'s contrary holding, it implicitly recognizes that subsequent Supreme Court decisions have eviscerated that holding.

Accordingly, we make explicit what is implicit in <u>Burger</u>, which is that <u>Cherry</u>'s exhaustion and procedural bar holding is no longer good law. The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge

6

would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." See Ga.Code Ann. § 9-14-51.

In this case there is no such indication, therefore, we conclude that a state habeas court would hold Chambers' claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition. It follows that those claims are procedurally barred from review in this federal habeas proceeding and exhausted. The district court's denial of Chambers' petition is AFFIRMED.