[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17248
Non-Argument Calendar

_____

D. C. Docket No. 02-02683-CV-TWT-1

MICHAEL ALAN TURNER,

Petitioner-Appellant,

versus

TONY HOWERTON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 20, 2006)**

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

We granted a certificate of appealability ("COA") on the following issue

only: "Whether the district court erred by dismissing as untimely appellant's Fed.

R. Crim. P. 60(b) motion, in which he challenged the district court's order dismissing his 28 U.S.C. § 2254 petition." Turner v. Howerton, No. 05-17248 (11th Cir. Apr. 8, 2006). Because the district court dismissed the original petition on 18 October 2004 and because the Rule 60(b) motion was filed on 17 October 2005, Turner's challenge was timely, and the district court was required to consider it on the merits. However, because we deem an aspect of his Rule 60(b) motion to be a successive habeas petition, we lack jurisdiction to consider that aspect of his motion and we AFFIRM that aspect of the district court's denial. Otherwise, the district court's judgment is VACATED and the matter is REMANDED for proceedings consistent with this opinion.

## I. BACKGROUND

In September 2002, Michael Alan Turner, a Georgia prisoner serving a life plus 20-year sentence for burglary, rape, aggravated sodomy, and aggravated assault, filed a pro se § 2254 petition, stating eight grounds for relief. On 28 July 2003, the magistrate judge issued an order recommending that Turner's petition be denied, finding that: (1) parts of the petition were unexhausted for federal habeas corpus purposes; (2) the requisite exhaustion existed, however, because the claims were procedurally barred; and (3) because Turner failed to show cause and

prejudice or a fundamental miscarriage of justice to excuse the procedural default, the court was barred from considering those claims. Next, the magistrate judge determined that Turner was not entitled to federal habeas relief on the merits of his claims raised in the remaining parts of his petition. In an order dated 18 October 2004, the district court adopted, over Turner's objections, the magistrate judge's recommendation and ordered that the petition be "dismissed." R4-38.

On 17 October 2005, when Turner submitted his materials to prison officials, the motion currently before us was filed pursuant to Rule 60(b)(1) and (4),[1] stating that he was seeking relief from the district court's 18 October 2004 order dismissing his habeas petition.[2] In his motion, he first argued that, pursuant to Rule 60(b)(1), the court made a mistake when it failed to give him the option of staying the proceedings while he exhausted his unexhausted claims. Next, Turner contended that the district court inadvertently, in its final order dismissing his petition, found that ground one, subpart "d," and grounds five through seven, were unexhausted, where it already had found, in its order denying the state's motion to dismiss, that those claims were exhausted. Turner further asserted that the

---

[1] Turner stated that he also was filing the motion pursuant to Rule 60(b)(3) and (6), but made no further argument as to those provisions. See R4-59. Arguments not made on appeal are deemed abandoned. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

[2] The filing date stamp on Turner's motion was 19 October 2005. However, motions submitted by prisoners are deemed filed as of the date they were given to prison officials. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

magistrate judge incorrectly applied the law regarding procedural default, noting that: (1) he timely raised the claims in state court in a motion to amend, which the court was required to grant; (2) the state court never found that his claims were procedurally barred; and (3) the state never argued, during the state proceedings, that his claims were procedurally barred.

Pursuant to Rule 60(b)(4), Turner argued that the judgment of the district court was void because, in it, the court relied on state law to resolve an issue of federal law—that is, whether O.C.G.A. § 17-10-1(a) created a liberty interest in his not receiving a sentence of life imprisonment unless it was mandatory. Turner argued that the deference given to the state habeas court's ruling on the issue was "judicially irresponsible." R4-59 at 12. Turner further argued that, in finding that he was not deprived of effective assistance of counsel, the district court applied the wrong standard of review. At the conclusion of his motion, Turner pointed out that, had he been informed of his right to appeal his convictions and sentence, he would raised on direct appeal the grounds that he raised in his § 2254 petition. The district court denied the motion as untimely. See R4-60.

On appeal, Turner argues that the district court abused its discretion by denying his Rule 60(b) motion as untimely because he filed the motion within one year of the district court's dismissal of his § 2254 petition, which was within the

4

time allotted by Rule 60(b) and, also, a "reasonable time." Appellant's Br. at 4. Turner noted that the one-year limitation did not apply to his claim under Rule 60(b)(4).

## II. DISCUSSION

Before we address Turner's claims, we must first address an issue of jurisdiction. Following the resolution of that issue, we proceed to address whether the district court's dismissal of Turner's Rule 60(b) motion was proper.

### A. Jurisdictional Issue

As a threshold matter, although neither party addresses the issue, we first must determine whether the district court had jurisdiction over Turner's Rule 60(b) motion. See Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001) (stating that "[a]ppellate courts have a responsibility to examine the subject matter jurisdiction of the district courts in actions that they review"); McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (noting that, "[a]lthough our review is limited to the issues specified in the COA," we read the COA to encompass procedural issues that must be resolved in order for it to reach the merits of the issue raised in the COA). We review de novo questions concerning a

district court's subject matter jurisdiction.  Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005).

A state prisoner who wishes to file a second or successive federal habeas corpus petition is required to move the court of appeals for an order authorizing the district court to consider such a petition.  See 28 U.S.C. 2244(b)(3)(A).  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."  Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).  In Gonzalez v. Crosby, the Supreme Court held that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive habeas petition.  545 U.S. 524, __, 125 S. Ct. 2641, 2648 (2005) (emphasis omitted).  The Court also held, however, that, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should not be considered a second or successive habeas petition.  Id.  The Court explained:

> The term "on the merits" has multiple usages.  We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).  When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to

exhaust, procedural default, or statute-of-limitations bar.

Id. at __ , 125 S. Ct. at 2648 n.4.

A careful review of Turner's motion reveals that he did raise one claim that fairly could be construed as an attack on the district court's resolution of the merits of his habeas petition, namely, he argued that he was not advised that he had a right to direct appeal and specifically requested de novo review of the district court's resolution of his claim that he was denied effective assistance of counsel. Thus, to the extent that Turner's Rule 60(b) motion challenged the merits of the district court's resolution of his § 2254 claims, it constituted a second or successive habeas petition, and the district court lacked jurisdiction to rule on it. Accordingly, we affirm the denial, with respect to Turner's claim that he was denied effective assistance of counsel, but remand for the limited purpose of allowing the district court to modify its order to reflect that Turner's Rule 60(b) motion, to the extent that it challenged the merits of the district court's resolution of his habeas petition, is dismissed for lack of jurisdiction.

B.  Turner's Rule 60(b) Motion

"[A] district court's order under Rule 60(b) is reviewable only for abuse of discretion."  Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d

1332, 1338 (11th Cir. 1999). The rule provides that "the [district] court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (4) the judgment is void." Fed. R. Civ. P. 60(b). Claims under Rule 60(b)(1) must be filed within one year of the entry of the judgment or order being challenged. Fed. R. Civ. P. 60(b); see Transit Cas. Co. v. Sec. Trust Co., 441 F.2d 788, 790-91 (5th Cir. 1971) (noting that the one-year limitations period begins to run from the date on which the order or judgment was entered). Claims brought under Rule 60(b)(4), on the other hand, must be brought "within a reasonable time." Fed. R. Civ. P. 60(b). We have approved of the principle that virtually any amount of time is a "reasonable time" for making a Rule 60(b)(4) claim. See Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130 (11th Cir. 1994). We need not endorse this strong claim to find that this Rule 60(b)(4) motion was filed within a reasonable time.

To the extent that Turner's Rule 60(b) motion challenged the integrity of the habeas proceeding itself, it properly was brought as a Rule 60(b) motion. Turner's motion was filed for purposes of this deadline on 17 October 2005, and the prior petition was denied less than a year before on 18 October 2004. Because the Rule 60(b)(1) challenge was filed within a year of the district court's order dismissing

8

his petition and because the Rule 60(b)(4) challenge was filed within a reasonable time, the district court abused its discretion by finding that Turner's motion was untimely. Accordingly, we vacate and remand the remainder of the district court's order and direct that the district court consider the motion on the merits.[3]

### III. CONCLUSION

Turner has appealed the district court's order denying, as untimely, his motion pursuant to Federal Rule of Civil Procedure 60(b), in which he challenged the district court's 18 October 2004 order dismissing his 28 U.S.C. § 2254 petition. We granted a COA on the issue of timeliness. Because Turner's challenge was filed on 17 October 2005, it was timely, and the district court was required to consider it on the merits. However, because we deem an aspect of his Rule 60(b) motion to be a successive habeas petition, the denial of that part of Turner's claim was proper. **AFFIRMED IN PART WITH INSTRUCTIONS TO ENTER JUDGMENT ON ALTERNATIVE GROUNDS, VACATED AND REMANDED IN PART.**

---

[3] We express no opinion on how the district court should rule on Turner's Rule 60(b) motion. We only conclude that denying the motion as untimely was improper.