[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16268
Non-Argument Calendar

_____

D. C. Docket No. 02-02683-CV-TWT-1

MICHAEL ALAN TURNER,

Petitioner-Appellant,

versus

TONY HOWERTON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 23, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Michael Alan Turner, a Georgia state prisoner proceeding pro se, appeals the district court's denial of his motion under Federal Rule of Civil Procedure 60(b) for relief from the district court's final order denying Turner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. We AFFIRM.

## I. BACKGROUND

In September 2002, Turner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. He claimed numerous grounds for relief, namely: (1) ineffective assistance of counsel, including a claim that his counsel failed to file a motion to suppress (ground one); (2) he was unaware of the nature and consequences of his guilty plea (ground two); (3) prosecutorial misconduct (ground three); (4) the state preliminary court and trial court violated his Fifth and Sixth Amendment rights by not providing him with counsel during his plea proceedings and making various other errors prior to the entry of his guilty plea (ground four); (5) the state trial judge improperly allowed Turner to enter a guilty plea to a "silent record," when the record would have established that Turner's waiver of constitutional rights was invalid; (6) the county magistrate judge violated the United States and Georgia constitutions by allowing him to plead guilty without counsel and failing to inform him of his right to appeal (ground six); (7)

2

the Public Defender's Office obstructed justice by destroying his case file (ground seven); and (8) that, under the "new rule of law" stated in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the sentencing court improperly enhanced his sentence (ground eight). R1-1, Supplemental Pages at 1-9.

The government moved to dismiss the petition for lack of exhaustion, arguing that Turner had not exhausted ground eight. In response to the government's motion, the district court offered Turner three choices: (1) proceed on the mixed petition and face potential dismissal pursuant to Rose v. Lundy, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 1204 (1982); (2) withdraw ground eight, his unexhausted Apprendi claim, and proceed on the remaining grounds; or (3) voluntarily dismiss the entire petition and file a state habeas action, so that Turner could fully and fairly litigate all of his claims, including ground eight, and exhaust his state court remedies. Turner elected to dismiss ground eight and proceed on the remaining grounds.

On 28 July 2004, a magistrate judge issued a report and recommendation, recommending that Turner's petition be denied. First, the magistrate judge found that subpart (d) of Turner's ineffective assistance of counsel claims under ground one of his petition (that Turner's counsel was ineffective for failing to file a motion to suppress), and grounds five, six, and seven were unexhausted but procedurally

3

defaulted because Turner failed to raise them properly and timely in the state courts and did not show cause and prejudice to excuse his failure to do so. The magistrate judge then addressed the merits of Turner's remaining claims under grounds one, two, three, and four.

The magistrate judge found that the state habeas court reasonably applied the correct rule of law in ruling on Turner's claims of ineffective assistance of counsel. He also found that Turner received effective assistance of counsel. Therefore, the magistrate judge found that Turner was not entitled to federal habeas relief under ground one. With respect to ground two, the magistrate judge found that Turner voluntarily and intelligently entered his guilty plea, based upon the reconstructed transcript of Turner's plea hearing.[1] The reconstructed transcript indicated that Turner understood the rights he was waiving through his guilty plea, that the state recommended a life sentence, that he had not been threatened into entering his plea, and that there would be no trial as a result of his plea. As to ground three, the magistrate judge found that the state habeas court correctly held that, through Turner's knowing and voluntary guilty plea, Turner waived his right to bring claims of prosecutorial misconduct. Finally, the magistrate judge found that all of

---

[1] The transcript of Turner's guilty plea hearing was lost. The state trial judge subsequently created a reconstructed transcript pursuant to O.C.G.A. § 5-6-41(g), and ruled that the reconstructed transcript has the same binding effect as a transcript filed by the court reporter pursuant to O.C.G.A § 5-6-41(e).

4

Turner's claims in ground four, in which he alleged various errors in the state preliminary proceedings and trial court prior to entry of his guilty plea, were either waived through Turner's guilty plea or resolved in the state habeas court's discussion of the voluntary nature of his plea.

After de novo review, the district court approved and adopted the magistrate judge's report and recommendation, and dismissed Turner's petition on 18 October 2004. On 19 October 2005, Turner filed a motion for relief from judgment, pursuant to Rule 60(b)(1),(3),(4), and (6). Turner argued that the district court erred by determining that he had presented a mixed petition and by allowing him to proceed through one of only three options. In addition to the three options he was given, Turner asserted that the district court should have allowed him to hold the federal habeas proceedings in abeyance pending exhaustion of his state claims. Further, Turner argued that the state habeas court never made a plain statement that it was relying upon a procedural bar to dismiss his claims during the state habeas proceedings. Therefore, according to Turner, the district court mistakenly found that the allegedly unexhausted grounds were procedurally barred, and further erred in finding that Turner had not raised these claims in state court. Turner also maintained that the district court judgment was void because it "relied on state law to determine a federal question of whether … O.C.G.A. § 17-10-1(a) created a

5

liberty interest … in a determinate sentence" for a specific amount of time. R4-59 at 10-11. Finally, Turner argued that the district court mistakenly found no error in his trial counsel's failure to advise him of his right to an appeal.

The district court denied Turner's Rule 60(b) motion as untimely. We granted Turner's subsequent motion for a certificate of appealability (COA) on the question of whether the district court erred by dismissing that motion as untimely. We found that the district court abused its discretion in finding that Turner's Rule 60(b) motion was untimely, and we remanded for a review on the merits. However, we found that Turner abandoned his claims pursuant to Rule 60(b)(3) and (6) by failing to address them in his motion.[2] We also determined that, to the extent that his motion challenged the district court's resolution of the merits of his petition, specifically, the claims that he was not advised of his right to a direct appeal and that he was denied effective assistance of counsel, the motion constituted a second or successive habeas petition over which the district court lacked jurisdiction

On remand, the district court denied Turner's Rule 60(b) motion. Turner applied for a certificate of appealability ("COA"), and the district court granted his motion on the issue of "whether an alleged legal error constitutes a 'mistake' under

_____

[2] Issues not raised in an initial brief are deemed abandoned. Isaacs v. Head, 300 F.3d 1232, 1253 n.6 (11th Cir. 2002) (citations omitted).

Rule 60(b)." R5-96. We expanded the COA to include the question, "[i]f so, whether the district court erred in denying [Turner's] Rule 60(b) motion." Turner v. Howerton, No. 06-16268 (11th Cir. Sept. 23, 2007).

## II. DISCUSSION

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). "[A] district court's order under Rule 60(b) is reviewable only for abuse of discretion." American Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999). Rule 60(b) provides that "the [district] court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... [or] (4) the judgment is void." Fed. R. Civ. P. 60(b). A Rule 60(b) motion seeking relief on grounds of mistake or inadvertence must be filed within one year after entry of the judgment or order that the movant seeks to challenge. Id. An appeal from a ruling on a Rule 60(b) motion is limited to the grant or denial of that motion and does not subject the underlying judgment to review. Bankers Ins. Co., 198 F.3d at 1338. Our review of subject matter jurisdiction de novo. See Milan Express, Inc. v. Averitt Express, Inc., 208 F.3d 975, 978 (11th Cir. 2000).

7

A. A Legal Error Can Be a "Mistake" Within the Scope of Rule 60(b)

A legal error in a judicial ruling can constitute a "mistake" as that term is used in Rule 60(b). However, we must distinguish between motions alleging "mistakes" cognizable under Rule 60(b) and motions that seek review of a court's prior resolution of the merits of a habeas petition. The Supreme Court has determined that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion should not be considered a second or successive habeas petition. Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648 (2005). By contrast, the Court stated that a Rule 60(b) motion that "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits," constitutes a second or successive habeas petition, which requires pre-certification by a court of appeals. Id. The Court explained:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

8

Id. at 532 n.4, 125 S.Ct. at 2648 n.4 (citations omitted).

Under Gonzalez, a legal error may be a "mistake" within Rule 60(b) when the purported error occurred in a "previous ruling which precluded a merits determination," such as a denial based on procedurally barred or unexhausted claims. Id. In this case, Turner's Rule 60(b) motion challenged, among other things, the district court's determination that several grounds in Turner's petition were procedurally barred, and we have jurisdiction to review that claim as a potential mistake under Rule 60(b).

B. The District Court Did Not Err in Denying Turner's Rule 60(b) Motion

The district court correctly denied Turner's Rule 60(b) motion. First, the district court properly denied Turner's ineffective-assistance-of-counsel claims. Since we had already determined that Turner's ineffective assistance of counsel claim was successive, the district court did not have jurisdiction to hear the claim under the "law of the case" doctrine. See Turner v. Howerton, 196 F. App'x 848, 851 (11th Cir. 2006) (per curiam). "[T]he 'law of the case' doctrine 'invokes the rule that findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.'" Westbrook v. Zant, 743 F.2d 764, 768 (11th Cir. 1984) (citation omitted). "The doctrine 'generally operates to preclude a reexamination of issues decided upon appeal, either by the district court on remand or by the appellate

9

court itself upon a subsequent appeal.'" Id. (citation omitted). Under this doctrine and our prior opinion in this case, the district court was bound to deny Turner's ineffective assistance claims because we previously had determined that these claims were an attack on the district court's resolution of the merits of his § 2254 petition, and were not properly raised in a Rule 60(b) motion.

Second, Turner argued that the magistrate judge erred by finding that his § 2254 petition was mixed and by giving him only three options for how to proceed on the petition, which were: (1) to proceed on his mixed petition and face possible dismissal pursuant to Rose v. Lundy, 455 U.S. at 519-520, 102 S.Ct. at1204; (2) to withdraw his unexhausted Apprendi claim[3] and proceed only upon the remaining grounds; or (3) to voluntarily dismiss the entire petition and file a state habeas action to exhaust all state court remedies.[4] Turner also argues that he should have been given the option to stay the proceedings on his petition and hold several of his grounds in abeyance pending his attempts to exhaust those grounds in state court.

To exhaust state remedies, a petitioner must fairly present every issue raised

_____

[3] The district court correctly held that Turner's Apprendi claim was unexhausted. Further, Turner was not entitled to relief under Apprendi. We have held that Apprendi announced a new rule of constitutional law and may not be applied retroactively to cases already final on direct review, such as this case. In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

[4] Turner also argued that his petition was not mixed because the state had an opportunity to litigate these issues in Turner's state habeas petition. As we have explained, Turner could not amend his state habeas petition to include these grounds after the final evidentiary hearing in the state habeas proceedings. This argument lacks merit.

in his federal petition to the state's highest court.  Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989).  Procedural default occurs when the petitioner never raised the claim in state court and it is obvious that the unexhausted claim would now be procedurally barred in state court.  Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam).  Georgia law establishes that, under most circumstances, any claims not raised in a petitioner's initial state habeas petition may not be raised in a successive petition.  O.C.G.A. § 9-14-51.  The Supreme Court held that a procedural default does not bar consideration of a federal claim unless the last state court rendering a judgment in the case "clearly and expressly" stated that its judgment rested on a state procedural bar.  Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043 (1989).  This rule is inapplicable, however, in cases such as this where the claim has never been presented to the state courts.  Chambers v. Thompson, 150 F.3d 1324, 1326-1327 (11th Cir. 1998).

Turner's petition contains several unexhausted but procedurally defaulted claims.   In subpart (d) of ground one, Turner presented a claim that his trial counsel was ineffective for failing to file a motion to suppress, which he voluntarily dismissed from his original state habeas petition and raised again in his federal petition.  Turner presented grounds five, six, and seven to the state habeas court only after the final evidentiary hearing in his state habeas case.  Since Georgia law does not permit amendments to a state habeas petition after the final

11

evidentiary hearing, these claims were not timely presented to the state habeas court. When ruling on Turner's petition, the district court correctly held that subpart (d) of ground one, and grounds five, six, and seven of Turner's petition were unexhausted but procedurally defaulted. On remand, when considering Turner's Rule 60(b) motion, the district court did not abuse its discretion in determining that it had correctly ruled that several of Turner's claims were procedurally barred.

Relatedly, Turner argues that the district court should have allowed him to stay the proceedings on his federal petition and hold grounds one, subpart (d), five, six, and seven in abeyance pending his attempts to exhaust those grounds in state court. Initially, we note that the magistrate judge entered the order offering Turner his three alternatives on 13 August 2003, and Turner's Rule 60(b) motion was filed in October 2005. Thus, we lack jurisdiction over this issue since Turner's motion was filed well over one year since the entry of the magistrate judge's order. See F.R.C.P. Rule 60(b).[5]

---

[5] Even if we did have such jurisdiction, this argument lacks merit. The stay and abeyance option was not clearly established when the district court denied Turner's petition in October 2004. In 2005, the Supreme Court decided that this option "should be available only in limited circumstances," and is appropriate only where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005). In this case, the district court did not find good cause for Turner's failure to exhaust ground one, subpart (d), five, six, and seven in state court. Moreover, while the district court had the ability to grant Turner a continuation or abeyance while he exhausted his state remedies, it was not obligated to do so. Therefore, the district court did not err by not offering him the stay and abeyance option. In conclusion, the district court committed no error redressable under Rule 60(b) relating to its disposition of the unexhausted

12

Finally, Turner argues that the district court made a mistake under Rule 60(b) when it allegedly erred by using state law to determine that he had no liberty interest in a sentence for a determinate number of years. We do not have jurisdiction over this claim. Turner did not present this argument in his § 2254 petition or his subsequent amendments of it. Further, Turner may not use a Rule 60(b) motion to raise a new claim attacking the merits of the district court's decision that the state did not violate his constitutional rights by recommending a life sentence, and he may not raise this new claim on appeal. Gonzales v. Crosby, 545 U.S. at 532, 125 S.Ct. at 2648.

### III. CONCLUSION

Turner has appealed the denial of his Rule 60(b) motion for relief from the district court's final order denying his § 2254 petition. As we have explained, the district court's denial of Turner's § 2254 petition is **AFFIRMED.**

---

but procedurally defaulted claims contained in Turner's mixed § 2254 petition.