[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13742
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 07-00008-CV-3

BENJAMIN R. SINGLETON,

Petitioner-Appellant,

versus

DONALD BARROW, Warden,
ATTORNEY GENERAL THURBERT E. BAKER,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 29, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner is an inmate in a Georgia prison. He is incarcerated because his parole was revoked.[1] He unsuccessfully petitioned the Georgia courts for a writ of habeas corpus, contending that his Confrontation Clause rights were infringed at the revocation hearing when he was denied the right to confront an adverse witness, Sheriff Don Martin. He thereafter petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court found that petitioner had procedurally defaulted his Confrontation Clause claim under Ga. Code Ann. § 9-14-51 because he failed to raise it in his original or amended state habeas petition, and that he had not shown cause to excuse the procedural default. Specifically, he had not explained why he could not have obtained the transcript of his parole revocation hearing prior to his state habeas hearing. We granted a certificate of appealablity on one issue: "[w]hether the district court erred in finding that appellant's Confrontation Clause claim was procedurally defaulted because he failed to raise it in the state court."

In his brief on appeal, petitioner concedes that he did not present his Confrontation Clause claim to the state habeas court. He argues, however, that, at the time he petitioned the state habeas court, he was unaware that his Confrontation Clause claim existed, and that once he became aware of its existence, he promptly

_____

[1] He had been paroled after serving the required portion of a 15-year sentence for cocaine possession.

2

sought review in the Georgia Supreme Court. As for cause to excuse the default, petitioner argues that he was unaware that his right of confrontation might be violated because he was not informed that Martin would testify at his parole revocation hearing. After the hearing concluded, he requested a copy of the transcript of the hearing. His request was denied. He eventually received a copy, but by that time his appeal (of the denial of the writ) was pending in the Georgia Supreme Court.

A petitioner for § 2254 relief must exhaust state court remedies before files his petition in federal court. 28 U.S.C. §§ 2254 (b), (c). A federal habeas court will consider procedurally barred claims on the merits if the petitioner can show cause for the failure to bring the claims and actual prejudice or that the court's failure to hear the claim would result in a fundamental miscarriage of justice. Isaacs v. Head, 300 F.3d 1232, 1254 (11th Cir. 2002).

Georgia's habeas statute provides:

All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Ga. Code Ann. § 9-14-51.

In Chambers v. Thompson, 150 F.3d 1324, 1325 (11th Cir. 1998), this court held that Ga. Code Ann. § 9-14-51 "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'" Id. at 1327. After he obtained a copy of the revocation hearing transcript, petitioner could have returned to the Georgia habeas court and amended his petition. He failed to do so. His Confrontation Clause claim is therefore procedurally barred under Ga. Code Ann. § 9-14-51. Petitioner failed to avoid the procedural default because he failed to show adequate cause for his failure to present his claim to the state habeas court.

AFFIRMED.