[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10375
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20277-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NYKOLAS NAJEE ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 27, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Nykolas Najee Anderson appeals his 180-month sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  On appeal, Anderson argues that the district court erred in classifying him as an armed career criminal and applying the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  He argues that his prior convictions for "simple" fleeing and eluding under Florida Statutes § 316.1935(1) and (2) do not qualify as violent felonies under the ACCA's residual clause.  However, because this Court's binding precedent forecloses Anderson's argument, we affirm his sentence.

We review de novo whether a particular prior conviction qualifies as a violent felony for purposes of the ACCA.  United States v. Petite, 703 F.3d 1290, 1292 (11th Cir.), cert. denied, 134 S. Ct. 182 (2013).  The ACCA mandates a fifteen-year minimum sentence for defendants who violate § 922(g) and have three previous convictions for "violent felon[ies] . . . committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. § 924(e)(2)(B)(ii).

2

The ACCA's inclusion of convictions for crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another" is known as the statute's "residual clause." Id.; see Petite, 703 F.3d at 1293. The Supreme Court requires courts to use a "categorical approach" and a "comparative inquiry" to determine whether a crime qualifies as a violent felony under the ACCA's residual clause. Petite, 703 at 1294.

> Using the categorical approach, the central inquiry is whether the offense presents a serious potential risk of physical injury to another comparable to the risk posed by the ACCA's enumerated crimes. . . . [A] crime involves the requisite risk when the risk posed by [the crime in question] is comparable to that posed by its closest analog among the enumerated offenses.

Id. (second alteration in original) (citations and internal quotation marks omitted).

Prior to his § 922(g) offense, Anderson had been convicted of fleeing and eluding under Florida Statutes § 316.1935(1) in 2009 and fleeing and eluding the police with lights and sirens under § 316.1935(2) in 2010 and 2011. The district court found these three prior convictions to be offenses "involv[ing] conduct that presents a serious potential risk of physical injury to another" under the ACCA's residual clause and, accordingly, applied the fifteen-year mandatory minimum sentence. Anderson argues on appeal that the district court erred in doing so because his convictions for "simple" fleeing and eluding do not qualify as violent felonies for ACCA purposes. As Anderson recognizes, however, such an argument is foreclosed by this Court's binding precedent.

3

In United States v. Petite, we expressly held that "Florida's offense of simple vehicle flight from a flashing patrol car [in violation of § 316.1935(2)] presents a serious potential risk of physical injury comparable to the ACCA's enumerated crimes of burglary and arson" and thus qualifies as a violent felony under the ACCA's residual clause.  703 F.3d at 1301.  This court recently reaffirmed that holding in United States v. Smith, 742 F.3d 949 (11th Cir.), reh'g denied en banc, 772 F.3d 680 (11th Cir. 2014).  Then, in United States v. Travis, 747 F.3d 1312, 1317 (11th Cir. 2014), we concluded that an offense for vehicle flight under subsection (1) of § 316.1935 also qualifies as a crime of violence under the sentencing guidelines, a holding that equally applies to the ACCA "violent felony" analysis, see Gilbert v. United States, 640 F.3d 1293, 1306 n.16 (11th Cir. 2011) (en banc) (stating that because the term "violent felony" as used in the ACCA "is virtually identical to crime of violence in [U.S.S.G.] § 4B1.1, . . . decisions about one apply to the other" (internal quotation marks omitted)).

Anderson argues that our decisions in Petite and Travis "overstepped the bounds of Supreme Court and [Eleventh] Circuit precedent."  He argues that the Supreme Court's decision in Sykes v. United States, 564 U.S. ___, 131 S. Ct. 2267 (2011), which we found in Petite abrogated our previous holding in United States v. Harrison that § 316.1935(2) was not a violent felony for ACCA purposes, left

open the question of whether "simple" fleeing and eluding qualifies as a violent felony under the ACCA's residual clause.

In United States v. Harrison, this Court held that the offense of simple vehicle flight in violation of Florida Statutes § 316.1935(2) was not a violent felony for purposes of the ACCA.  558 F.3d 1280, 1296 (11th Cir. 2009), abrogated by Sykes v. United States, 564 U.S. ___, 131 S. Ct. 2267 (2011). Section 316.1935(2) provides:

> Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated commits a felony of the third degree . . . .

Fla. Stat. § 316.1935(2).  We reasoned that Florida's simple vehicle flight offense, as ordinarily committed, was not "roughly similar" to the ACCA's enumerated offenses in "degree of risk posed" and thus did not fall within ACCA's residual clause.  Harrison, 558 F.3d at 1294.  In determining whether the offense was similar in kind, we used the "purposeful, violent, and aggressive" test articulated by the Supreme Court in Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008).  Harrison, 558 F.3d at 1295.  We also acknowledged that, by holding that fleeing and eluding a police officer in a motor vehicle was not a violent felony, we were joining a circuit split and were "at odds with all but one other circuit that ha[d] addressed this issue."  Id. at 1296–97.

5

Then, in Sykes v. United States, the Supreme Court held that an Indiana

vehicle flight statute constituted a violent felony under the ACCA's residual

clause.  564 U.S. at ___, 131 S. Ct. at 2277.  The Indiana statute made it a felony to

knowingly or intentionally use a vehicle to "flee[] from a law enforcement officer

after the officer has, by visible or audible means, identified himself and ordered the

person to stop."  Id. at ___, 131 S. Ct. at 2271.  The Supreme Court reasoned that

the "[r]isk of violence is inherent to vehicle flight."  Id. at ___, 131 S. Ct. at 2274.

The court explained:

> When a perpetrator defies a law enforcement command by fleeing in a
> car, the determination to elude capture makes a lack of concern for the
> safety of property and persons of pedestrians and other drivers an
> inherent part of the offense.  Even if the criminal attempting to elude
> capture drives without going at full speed or going the wrong way, he
> creates the possibility that police will, in a legitimate and lawful
> manner, exceed or almost match his speed or use force to bring him
> within their custody.  A perpetrator's indifference to these collateral
> consequences has violent—even lethal—potential for others.

Id. at ___, 131 S. Ct. at 2273.  The Court also concluded that the "purposeful,

violent, and aggressive" formulation taken from Begay was limited to strict

liability, negligence, and recklessness crimes.  Id. at ___, 131 S. Ct. at 2275–76;

see also United States v. Chitwood, 676 F.3d 971, 979 (11th Cir. 2012) (stating

that Sykes made it clear that Begay's "purposeful, violent, and aggressive" test

does not apply to offenses that are not strict liability, negligence, or recklessness

crimes).  Thus, the Supreme Court held that because the inherent risk of violence

created by fleeing and eluding the police is similar to the risk involved in arson and burglary and involves conduct that presents a serious potential risk of physical injury to others, it qualifies as a violent felony for purposes of the ACCA.  Sykes, 564 U.S. ___, 131 S. Ct. at 2273–75, 2277.

Accordingly, we held in Petite that Sykes undermined our prior decision in Harrison to the point of abrogation.  703 F.3d at 1299.  And because we found that "there [was] little meaningful distinction for ACCA purposes between Florida's simple vehicle flight statute and the Indiana statute of conviction at issue in Sykes," id. at 1300, we also held that § 316.1935(2) qualifies as a violent felony under the ACCA's residual clause:

> In the face of the Supreme Court's detailed analysis in Sykes regarding the substantial risks that inhere in any confrontational act of intentional vehicle flight, we similarly conclude that Florida's offense of simple vehicle flight from a flashing patrol car presents a serious potential risk of physical injury comparable to the ACCA's enumerated crimes of burglary and arson.

Id. at 1301.

A little over a year later, in United States v. Travis, we once again relied on Sykes in holding that § 316.1935(1) also qualifies as a crime of violence under the Sentencing Guidelines and therefore also constitutes a violent felony under the ACCA's residual clause.[1]  747 F.3d at 1317.  Section 316.1935(1) provides:

---

[1]    See Gilbert, 640 F.3d at 1309 n.16 (stating that because the ACCA provides a definition of "violent felony" that is virtually identical to the definition of "crime of violence"

7

> It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree . . . .

Fla. Stat. § 316.1935(1).  Noting that Sykes "made clear that vehicle flight is an inherently risky enterprise, even when it does not involve high speeds or other reckless conduct, because it can end in a violent confrontation between the offender and the police," 747 F.3d at 1316, we concluded in Travis:

> That § 316.1935(1), unlike § 316.1935(2), does not require that the offender flee from a marked patrol vehicle with its sirens and lights activated does not meaningfully distinguish this case from either Petite or Sykes.  Our decision in Petite did not focus on the statutory requirement that the police officer have his sirens and lights activated, but instead, on "the dangers created by the law enforcement response that any act of intentional flight provokes."

Id. at 1317.

Because this Court has expressly held that both subsection (1) and subsection (2) of Florida's § 316.1935 constitute violent felonies for purposes of the ACCA,[2] the district court did not err in finding that Anderson's prior convictions under that statute qualified as violent felonies under the ACCA's

---

under the Sentencing Guidelines' career offender provision, "decisions about one apply to the other").

[2] "We are bound to follow a prior panel or en banc holding, except where that holding has been overruled or undermined to the point of abrogation by a subsequent en banc or Supreme Court decision." Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

8

residual clause and in applying the fifteen-year mandatory minimum.  Thus,

Anderson's 180-month sentence is

AFFIRMED.