[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11074

_____

D. C. Docket No. 05-00011-CV-WTM-5

JOHNNY RAY OGLE,

                                                  Petitioner-Appellant,

versus

WARDEN CURTIS JOHNSON,

                                                  Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 15, 2007)**

Before PRYOR, KRAVITCH and ALARCON,* Circuit Judges.

PRYOR, Circuit Judge:

---

*Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting by designation.

The main issue in this appeal is whether a pro se petitioner for the writ of habeas corpus fairly presents his claim to a state habeas court when he makes a bare allegation of ineffective assistance of appellate counsel in his state habeas petition and then describes in briefs and testimony in later proceedings several instances of alleged ineffective assistance. Johnny Ray Ogle filed a timely federal habeas petition that alleged, among other things, that his appellate counsel had been ineffective by failing to pursue eight specific arguments. The district court reviewed Ogle's state habeas proceeding, concluded that Ogle failed to present these allegations of ineffective assistance in that proceeding, and dismissed Ogle's federal habeas petition. Because we conclude that Ogle fairly presented seven of these eight allegations to the state habeas court, we reverse and remand.

## I. BACKGROUND

After a jury trial in Georgia state court, Ogle, who is indigent and was represented by appointed counsel, was convicted of armed robbery. Ogle's appointed trial counsel then filed a motion for a new trial. Because he was dissatisfied with his trial counsel's representation, Ogle requested and was granted new appointed counsel. Ogle's new counsel filed an amended motion for a new trial and, when the motion was denied, represented Ogle on appeal. Ogle's conviction was affirmed.

2

After exhausting his options for direct review of his conviction, Ogle filed a pro se petition for state habeas corpus in which he raised numerous issues, including four counts of ineffective assistance of appellate counsel. The second count of ineffective assistance of appellate counsel raised in that petition complains that his counsel was ineffective for "failure to raise numerous meritorious issues requested by the petitioner." Ogle's petition did not elaborate on these "numerous meritorious issues."

In later proceedings, Ogle explained the legal and factual basis for his allegation that his appellate counsel had failed to raise "numerous meritorious issues." At the evidentiary hearing held by the state habeas court, Ogle questioned his postconviction attorney about her failure to raise several issues. Ogle specifically questioned his postconviction counsel about her failure to investigate the basis for the admission of the offense weapon into evidence, raise an issue about the prosecuting attorney's failure to disclose a plea agreement with a codefendant, raise the issue that neither Ogle nor his counsel were present at arraignment, argue that the prosecutor violated Ogle's right not to testify against himself, and argue that the prosecutor suborned perjury.

Ogle also testified before the state habeas court. Ogle explained that he sent a pro se memorandum of law to his appellate counsel advising her to raise several

3

issues in a motion for a new trial but she refused. Ogle testified that he attempted to file the memorandum in the trial court himself but the trial court refused to consider the pro se submission. Ogle alleged that he was prejudiced by his counsel's failure to raise the issues in his pro se memorandum. Ogle's memorandum was entered into evidence at the hearing.

In the pro se memorandum referenced in his testimony, Ogle requested that his counsel argue the following "meritorious" issues: the prosecutor did not disclose the plea agreement with Ogle's codefendant and suborned perjury; neither he nor his counsel were present at the arraignment; the search warrant was obtained with false testimony; and the offense weapon was inadmissible evidence. Ogle referenced this memorandum and his appellate counsel's failure to raise these issues throughout the evidentiary hearing before the state habeas court.

In a post-hearing brief, which the state habeas court requested, Ogle again explained the basis for his ineffective assistance claim against his appellate counsel. Ogle argued that he requested that his appellate counsel raise numerous "meritorious" issues, which he attempted to preserve in his pro se memorandum. Ogle then enumerated three issues out of the many in his pro se memorandum that his counsel did not raise. Ogle argued that his counsel was inadequate when she did not raise an argument regarding the failure of the prosecutor to "reveal the deal,"

4

when she failed to investigate and challenge the evidentiary basis for the offense weapon, and when she did not argue that a new trial was warranted because neither Ogle nor his trial counsel were present at the arraignment. Finally, Ogle reiterated that his appellate counsel failed to address the issues raised in his pro se memorandum and her failure was the basis of his ineffective assistance of appellate counsel claim.

The state habeas court found that Ogle's appellate counsel reasonably believed that she had no basis to allege that the prosecutor failed to disclose a plea bargain with Ogle's codefendant, "assert that the state impermissibly [commented] on [Ogle's] right to remain silent," or allege that the prosecutor had improperly injected his personal opinion into closing argument. The state habeas court rejected Ogle's argument that his counsel erred when she failed to raise the issues in his memorandum. The state habeas court concluded that Ogle's counsel did not have an obligation to raise every issue requested by Ogle and she had made a strategic decision to raise the issues she thought had the strongest chance of prevailing. The Georgia Supreme Court denied Ogle's timely application for a certificate of probable cause to appeal.

Ogle filed a petition for habeas corpus in federal district court in which he raised eight claims related to the ineffective assistance of his appellate counsel.

5

Ogle asserted that his appellate counsel had been ineffective for her failure to raise the following issues in her motion for a new trial or on appeal: (1) the prosecutor improperly commented on Ogle's refusal to make a post-arrest statement; (2) the state and Ogle's trial counsel failed to inform the jury of plea agreements between the state and witnesses, including Ogle's codefendant; (3) the prosecutor suborned perjury when he failed to correct the statement of Ogle's codefendant that he did not have an agreement with the state and repeated that statement in his closing argument; (4) neither Ogle nor his counsel were present at the arraignment; (5) the prosecutor improperly stated his opinion as to Ogle's truthfulness; (6) the Georgia Bureau of Investigation agent used false testimony to obtain a search warrant; (7) the trial court should have allowed Ogle to present and preserve issues in a pro se brief during trial; and (8) the offense weapon should have been excluded at trial.

After reviewing the trial and state habeas corpus records, the district court determined that Ogle failed to exhaust these eight issues to the state courts. Because Georgia law would bar Ogle from asserting these arguments in a second state postconviction proceeding, the district court concluded that Ogle procedurally defaulted these arguments. The district court addressed the other arguments raised in Ogle's federal habeas petition and concluded that they were meritless. The district court then dismissed Ogle's petition. We granted a certificate of

6

appealability on the following issue: Whether the district court erred in finding that Ogle procedurally defaulted his eight claims of ineffective assistance of appellate counsel by failing to raise them in his state habeas proceedings.

## II. STANDARD OF REVIEW

"Whether [Ogle] is procedurally barred from raising particular claims is a mixed question of law and fact that we review de novo." Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999). Procedural default can arise "if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default." Id. at 1303.

## III. DISCUSSION

Our discussion is divided in two parts. First, we address the main question in this appeal: whether Ogle exhausted his state remedies as to his eight claims of ineffective assistance of counsel. Second, we address whether any claim that Ogle failed to exhaust is procedurally defaulted because it cannot be exhausted in a successive habeas petition in Georgia state court.

### A. Ogle Exhausted Seven of His Eight Claims of Ineffective Assistance of Counsel.

The habeas statute requires applicants to exhaust all available state law remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). "[T]he

federal claim must be fairly presented to the state courts" so that "the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding." Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971). It is not enough that Ogle, in his state habeas petition, attacked his postconviction counsel as inadequate for her failure to raise "meritorious issues." "[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). To have exhausted these eight claims, Ogle had to present the eight instances of ineffective assistance that he now asserts in his federal petition "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation marks omitted).

The state habeas court explicitly rejected three of Ogle's arguments, and Warden Johnson confesses that these claims were exhausted. The state habeas court concluded that Ogle's appellate counsel was permitted not to argue that the prosecutor failed to disclose a plea agreement with Ogle's codefendant (Issue 2), "to assert that the state impermissibly [commented] on [Ogle's] right to remain silent" (Issue 1), or to allege that the prosecutor had improperly injected his personal opinion into closing argument (Issue 5). The district court erred when it

determined that these arguments were procedurally defaulted.

Warden Johnson argues that Ogle failed to exhaust any issue that the state habeas court did not address in its order, but we disagree. A habeas petitioner exhausts available state remedies when he fairly presents his claim for a state remedy even if the state never acts on his claim. See Breazeale v. Bradley, 582 F.2d 5, 6 (5th Cir. 1978) ("[A] federal habeas petitioner will be excused from the exhaustion requirement if the state unreasonably delays acting on his efforts to invoke state remedies."). "It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state . . . court chooses to ignore in its opinion a federal constitutional claim squarely raised . . . in the state court." Smith v. Digmon, 434 U.S. 332, 333, 98 S. Ct. 597, 599 (1978). The written order of the state court is a starting, not an ending, point for our analysis of exhaustion. See, e.g., Footman, 978 F.2d at 1212 ("[T]he magistrate judge should not have relied upon the state trial court's order to determine which allegations Footman presented in his state post-conviction motion."). The opinion of the state habeas court establishes that Ogle exhausted the issues addressed in that opinion, but we cannot conclude, based only on the silence of that opinion about other issues, that Ogle presented no other arguments.

Ogle persuasively argues that he fairly presented several claims of ineffective assistance of counsel through his direct testimony, the examination of his post-trial attorney, the entry of his pro se memorandum into evidence, and the filing of a post-hearing brief.  In Francis v. Spraggins, we held that a Georgia petitioner exhausted his claim in the state habeas court when he made a general allegation of ineffective assistance in his state habeas petition and called specific instances of ineffective assistance to the attention of the court during the proceedings:

> This is not to say that a general allegation of ineffective assistance or a specific allegation of ineffective assistance wholly unrelated to the ground on which the claim ultimately depends will immunize a petitioner from a finding of procedural default.  But where the petitioner calls the state court's attention to ineffective assistance problems and the court examines the crucial aspect of counsel's representation, as in this case, the petitioner may relitigate the constitutional claim in federal court.

720 F.2d 1190, 1193 (11th Cir. 1983).

Our review of the record of Ogle's state habeas proceeding reveals that, in addition to the three issues upon which the state habeas court explicitly passed judgment, Ogle presented another four of the eight allegations of ineffective assistance that he described in his federal habeas petition.  In his testimony, Ogle complained that his postconviction counsel had been ineffective when she refused to raise the issues in his memorandum, which he offered into evidence.  Ogle's memorandum advised his attorney to argue that the prosecutor suborned perjury

10

(Issue 3), neither he nor his counsel were present at the arraignment (Issue 4), the search warrant was obtained with false testimony (Issue 6), and the offense weapon was inadmissible (Issue 8). When construed liberally, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), Ogle's post-hearing brief reiterated that his counsel should have challenged the offense weapon as inadmissible (Issue 8) and the absence of Ogle at his arraignment (Issue 4). Ogle also questioned his appellate counsel extensively on her refusal to raise these issues. The district court erred when it determined that these arguments were procedurally defaulted.

Ogle failed to exhaust a single allegation of ineffective assistance of appellate counsel. The record does not establish that Ogle argued to the state habeas court that the trial court erred by not allowing Ogle to file his pro se memorandum or that his counsel was ineffective when she did not appeal this decision (Issue 7). At oral argument in this appeal, Ogle's appointed counsel admitted that Ogle waived this issue, and we appreciate her candor.

## B. The Seventh Issue of Ineffective Assistance of Counsel Is Procedurally Defaulted.

When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted

claims to the district court," Kelley v. Sec'y for Dept. of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal quotation marks omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim, see Rhines v. Weber, 544 U.S. 269, 277-79, 125 S. Ct. 1528, 1535-36 (2005). "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351 (internal quotation marks omitted). The unexhausted claims should be treated as if procedurally defaulted. See Bailey, 172 F.3d at 1302. A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted." Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

Section 9-14-51 of the Georgia Code forbids successive state habeas petitions except to raise issues that could not have been raised in the first habeas petition. This rule "bars the defendant from raising in a second, or successive, collateral attack proceeding an error that he should have presented in his first, or earlier, collateral attack proceeding." Presnell v. Kemp, 835 F.2d 1567, 1573 (11th Cir. 1988). "The Georgia statute . . . can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some

12

indication that a state court judge would find the claims in question 'could not reasonably have been raised in the original or amended [state] petition.'" Chambers, 150 F.3d at 1327 (quoting Ga. Code Ann. § 9-14-51).

Ogle's unexhausted claim for ineffective assistance (Issue 7) clearly could not be raised in a successive state habeas petition and is procedurally defaulted under Georgia law. If the district court on remand again concludes that Ogle's petition does not raise any meritorious claims, the district court should not, as it did before, dismiss the petition. The district court should deny the petition with prejudice. See Chambers, 150 F.3d at 1326.

## IV. CONCLUSION

Because Ogle exhausted in his state postconviction proceeding seven of the eight allegations of ineffective assistance of counsel that he now raises in his federal habeas petition, the dismissal of Ogle's habeas petition is **REVERSED** and **REMANDED**.