[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10841
Non-Argument Calendar

_____

D. C. Docket No. 03-01829-CV-T-30-MAP

KENNETH DARITY,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 8, 2009)**

Before BARKETT, WILSON  and FAY , Circuit Judges.

PER CURIAM:

Kenneth Darity, a <u>pro se</u> Florida state prisoner serving a 30-year sentence for

sexual battery, appeals the district court's finding that a claim in his 28 U.S.C.

§ 2254 habeas petition – ineffective assistance of counsel for failing to impeach the

victim's testimony – was not exhausted and was now procedurally defaulted.

Darity argues that his claim was exhausted because the general allegations made in

his state motion were more fully elaborated in other parts of that motion. We

issued the following COA: "Whether the district court erred when it found that

[Darity] failed to exhaust his state court remedies with regard to whether trial

counsel was ineffective for failing to impeach victim's testimony." For reasons set

forth below, we vacate and remand.

Whether Darity is procedurally barred from raising particular claims is a

mixed question of fact and law that we review de novo. Ogle v. Johnson, 488 F.3d

1364, 1368 (11th Cir. 2007). Habeas petitioners generally cannot raise claims in

federal court if those claims were not first exhausted in state court. 28 U.S.C.

§ 2254(b)(1); Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1343-44 (11th

Cir. 2004). It is not sufficient for exhaustion that "all the facts necessary to support

the claim were before the state courts or that a somewhat similar state-law claim

was made." Kelley, 377 F.3d at 1343-44. Rather, a petitioner must have given the

state court an "opportunity to apply controlling legal principles to the facts bearing

upon (his) constitutional claim." Id. at 1344 (quotation omitted). For example, we

have stated that habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts. Id.

Exhaustion requirements are not so rigid as to require a verbatim restatement of the claims brought in state court, but a petitioner must present his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." Id. at 1344-45 (requiring transparent presentation to the state courts of counsel's specific acts or omissions that resulted in prejudice). A pro se petitioner should be afforded some leniency in this respect, as his motions and briefs should be construed liberally. Ogle, 488 F.3d at 1369. In short, the exhaustion requirement is satisfied when the petitioner fairly presented the issue in state court, even if the state did not rule on it. Id. at 1369.

Procedural default can arise when a claim is unexhausted and it is clear that the unexhausted claim would now be procedurally barred under state law. Id. at 1370. When it is clear that an unexhausted claim would be procedurally barred in state court, the district court should treat this claim as if procedurally defaulted, and the petition denied with prejudice. Id.

Based on a review of the record and the parties' briefs, we hold that the district court erred in finding that Darity did not exhaust his claim that his counsel

3

was ineffective for failing to impeach the victim's testimony. Darity sufficiently exhausted the claim in his state post-conviction motion by referring to the impeachment generally in one section of his motion and in another specifying the particular areas where impeachment was appropriate. Because Darity exhausted his claims, the district court also erred in finding that Darity's federal habeas petition was procedurally defaulted.

Accordingly, we vacate and remand for further consideration of the § 2254 petition.

**VACATED AND REMANDED.**