[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14354
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00140-CV-T-26-MAP

WAKEENE R. BLANCHE,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 12, 2010)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Wakeene R. Blanche, a Florida prisoner, appeals pro se the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability on the following issue: "Whether the district court erred when it found that Blanche failed to exhaust the issue of whether the state trial court erred when it instructed the jury on the lesser-included offense of third-degree felony murder." We reverse and remand.

Whether a habeas petitioner is procedurally barred from raising a claim is a mixed question of law and fact that we review de novo. Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007). A state prisoner must exhaust all available state remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). The Supreme Court has stated that a petitioner may satisfy the exhaustion requirement "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004). We have explained that the Baldwin formulation "must be applied with common sense and in light of the purpose underlying the exhaustion

requirement: to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal quotation marks and alteration omitted).

The record establishes that the district court erred when it ruled that Blanche had failed to exhaust his state remedies. Blanche argued in his initial brief on direct appeal that the trial court erred by instructing the jury on the offense of third-degree felony murder because his indictment charged only first-degree murder. Blanche contended that "a jury instruction and subsequent conviction on a crime on which Appellant was not on notice would also amount to a federal constitutional violation as it would violate the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution." Although Blanche did not cite any case law, he identified his argument as a federal issue and cited the Fifth and Fourteenth Amendments to the United States Constitution. Blanche put the state courts on notice that he had raised a federal claim. Although Blanche later argued on state collateral review that he had failed to exhaust this issue, we are not bound by that concession because it is unsupported by the record. United States v. Linville, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000). We reverse the denial of Blanche's petition on this ground and remand for further proceedings.

3

**REVERSED AND REMANDED.**