[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14965
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:10-cv-00189-RH-GRJ


KURTIS ROY JETER,

                                                    Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 3, 2012)

Before CARNES, EDMONDSON, and FAY, Circuit Judges.

PER CURIAM:

Kurtis Roy Jeter, a Florida state prisoner proceeding pro se, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition as procedurally defaulted. Jeter contends that was error because he has shown cause for the default.

I.

In September 2006 Jeter pleaded no contest in Florida state court to two counts of felony battery. That court convicted him and sentenced him to two concurrent five-year terms of probation. Jeter did not appeal. In 2008 his probation was revoked and he was sentenced to five years imprisonment because he did not submit required monthly reports, failed a drug test, changed his address without notifying his probation officer, and did not attend a required therapy program.

In May 2009, Jeter filed a pro se motion for post-conviction relief under Fla. R. Crim. P. 3.850(b)(3) alleging: (1) his felony battery convictions violated the Double Jeopardy Clause of the Fifth Amendment; (2) his plea was coerced; and (3) ineffective assistance of counsel because his attorney allowed him to plead no contest, did not preserve issues for appeal, and did not file a timely post-conviction motion. The state court denied his petition as untimely, and the Florida First District Court of Appeal affirmed that denial without a written opinion.

In July 2010 Jeter filed a petition under 28 U.S.C. § 2254 seeking relief on

2

the same grounds that he had alleged in his Rule 3.850 motion. The State moved to dismiss the petition.

The district court granted the state's motion to dismiss. It concluded that the claims Jeter asserted in his Rule 3.850 motion were procedurally defaulted because he had not timely filed that motion. Jeter alleged that he had hired an attorney to file his Rule 3.850 motion, that the attorney had not done so, and that he was diligent and did all he could to ensure the attorney performed as promised. In support of that allegation, Jeter submitted two affidavits from members of his family. The court accepted all of that as true, but it concluded that Jeter had not shown facts amounting to a miscarriage of justice, nor had he shown cause for the procedural default. The district court granted a certificate of appealability limited to the question of whether his attorney's alleged professional misconduct could constitute cause for the state-court procedural default.

## II.

The district court's finding that a claim is procedurally barred is a mixed question of law and fact that we review de novo. Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007). A state court's rejection of a petitioner's constitutional claim on adequate and independent state procedural grounds will generally preclude any federal habeas review of that claim, Ward v. Hall, 592 F.3d 1144,

1156 (11th Cir. 2010), and the Florida court's rejection of Jeter's petition as untimely under Rule 3.850 is a rejection on adequate and independent state procedural grounds, see Whiddon v. Dugger, 894 F.2d 1266, 1267–68 (11th Cir. 1990).

A federal habeas court may review the merits of a procedurally defaulted claim if the petitioner shows cause for the procedural default and actual prejudice from it. See Ward, 592 F.3d at 1157. To show cause, a petitioner must demonstrate some objective factor external to the defense that impeded his effort to raise the claim properly in state court. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986).

Here, Jeter alleges that he retained counsel to file a Rule 3.850 motion, but the attorney did not file the motion before the deadline, maybe because the attorney had died. The Florida court denied Jeter's Rule 3.850 motion as untimely, however, because it found that Jeter had not retained counsel to file a post-conviction motion.[1] We presume that finding is correct absent clear and convincing evidence that it is not. See 28 U.S.C. § 2254(e)(1). We cannot say

---

[1] Under Florida law, a Rule 3.850 petitioner has two years after the judgment and sentence become final to file a Rule 3.850 motion, but that time period is extended by two years if the petitioner retained counsel to file the motion and counsel's neglect led to an untimely filing. Fla. R. Crim. P. 3.850(b). The Florida court did not grant Jeter the two year extension because it found he had not retained counsel to file a post-conviction motion.

that two affidavits from Jeter's family members and Jeter's own assertions provide clear and convincing evidence that the Florida court's finding was incorrect. Therefore, we defer to that finding. Because Jeter did not retain counsel to file a Rule 3.850 motion, it follows that counsel's alleged professional misconduct cannot provide cause to excuse Jeter's procedural default.[2]

**AFFIRMED.**

---

[2] The district court also granted Jeter a certificate of appealability as to whether his § 2254 petition was timely. Because we affirm the dismissal of the petition on the grounds of procedural default, we do not address the timeliness issue.