[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14573
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-14049-JEM

STEPHEN ROBERT BAKER,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 14, 2015)

Before HULL, WILSON, and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Stephen Robert Baker, a Florida prisoner proceeding pro se, appeals the district court's denial of his federal habeas petition, brought pursuant to 28 U.S.C. § 2254. The district court concluded, inter alia, that Baker failed to exhaust his substantive double jeopardy claim before the state post-conviction courts, and, therefore, procedurally defaulted that claim. After careful review of the record and briefs, we affirm.

## I. BACKGROUND

### A.    Offense Conduct

In 2005, Dolores Ann Marsh, an elderly woman, agreed to sell her home to Baker for $175,000. Marsh, however, was unfamiliar with the nature of real estate transactions. Baker suggested that Marsh execute a quitclaim deed and transfer the home to his ownership, explaining that it would be a clean and simple tax-free transaction. On December 14, 2005, Marsh executed a quitclaim deed transferring her home to Baker. At some point, Baker also took ownership of Marsh's car in exchange for a promise to pay her $10,000.

After Marsh executed the quitclaim deed, Baker told Marsh that he would be able to pay her for the home and car in 10 days because he had some money coming from the government. Baker, however, never paid Marsh as promised. After Baker gave Marsh repeated excuses for his non-payment, Marsh requested that Baker quitclaim the home back to her, but Baker, initially, would not oblige.

2

Eventually, Baker agreed to quitclaim the home back to Marsh in exchange for a promise from Marsh that she would not prosecute Baker for any wrongdoing. The record is not clear about what happened to the car.

## B.    State Court Conviction, Sentence, and Revocation

On May 9, 2006, the state charged Baker by criminal information with one count of engaging in a scheme to defraud $50,000 or more, in violation of Fla. Stat. § 817.034 (Count 1), one count of grand theft of $100,000 or more, in violation of Fla. Stat. § 812.014 (Count 2), and one count of tampering with a witness, in violation of Fla. Stat. § 914.22 (Count 3). The information alleged that Baker employed a scheme to defraud, through which he obtained $50,000 or more worth of property from Marsh. The information further alleged that Baker "knowingly obtained . . . a dwelling and/or motor vehicle of a value of $100,000.00 or more" from Marsh, "with the intent to permanently or temporarily deprive [Marsh] of the property."

On February 21, 2007, Baker executed a written plea agreement wherein he agreed to plead guilty to Counts 1 and 2 of the criminal information, while Count 3 would be dismissed. In the plea agreement, Baker acknowledged that Counts 1 and 2 each carried a statutory maximum sentence of 30 years' imprisonment. The agreement also provided that Baker would receive a total sentence of two years of community control (house arrest), followed by four years of probation.

3

That same day, in a Florida circuit court, Baker pleaded guilty to Counts 1 and 2 of the criminal information. The state trial court conducted a plea colloquy, accepted Baker's voluntary guilty plea, and adjudicated Baker guilty of both counts. The court then sentenced Baker to two years of community control followed by four years of probation for each of the two convictions, to run concurrently.

On March 15, 2007, Baker's probation officer filed an affidavit averring that Baker violated the conditions of his community control by failing to adhere to the terms of a domestic violence protective order regarding his wife. In June 2008, the state trial court conducted an evidentiary hearing, found Baker had violated the conditions of his community control, revoked his community control, and sentenced Baker to a 30-year prison sentence on each of the two convictions, to run concurrently. Baker appealed from the revocation of his community control, but he later voluntarily dismissed that appeal in December 2008.

## C.    State Court Motion for Post-Conviction Relief

In 2009, Baker filed in state court a pro se amended motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In Claim One, Baker alleged that his convictions for engaging in a scheme to defraud and grand theft, the two counts to which he pled guilty, violated double jeopardy principles because the offenses were effectively identical under Florida law. In

4

Claim Two, Baker argued that his trial counsel rendered ineffective assistance of counsel by failing to file a motion to dismiss the grand theft charge because it violated principles of double jeopardy.  He also alleged several additional claims asserting ineffective assistance of trial counsel.  The state post-conviction court ordered an evidentiary hearing and appointed counsel for Baker.

Following the evidentiary hearing, the state post-conviction court denied Baker's Rule 3.850 motion.  The state post-conviction court concluded that Baker's substantive double jeopardy claim was without merit because, by entering a negotiated plea bargain with the state, Baker waived any double jeopardy claim that might affect his sentence or conviction.  The state post-conviction court denied Baker's remaining ineffective assistance of counsel claims.  Baker appealed the state post-conviction court's denial of his Rule 3.850 motion to Florida's Second District Court of Appeal.

**D.     Appeal from Denial of Rule 3.850 Motion**

In June 2011, Baker's post-conviction counsel filed an initial appellate brief. In the brief, Baker's counsel addressed only Baker's ineffective assistance of counsel claims and raised only two arguments: (1) the state post-conviction court erred by denying Claim Two of Baker's Rule 3.850 motion because Baker's trial counsel failed to explain that double jeopardy principles precluded a conviction for both engaging in a scheme to defraud and committing grand theft; and (2) the state

5

post-conviction court court erred by denying Baker's other ineffective assistance of counsel claims because Baker's trial counsel failed to advise him of his legal defenses and failed to adequately investigate the case.

On February 7, 2012, Baker filed a pro se appellate brief that was nearly identical to his post-conviction appellate counsel's initial brief, as well as a motion to discharge counsel.  Importantly, neither the initial counseled brief nor Baker's pro se brief asserted that the state post-conviction court erred by denying Claim One of Baker's Rule 3.850 motion on the grounds that Baker waived any double jeopardy claim by executing a written plea agreement.

On March 2, 2012, in a per curiam opinion, Florida's Second District Court of Appeal affirmed the state post-conviction court's denial of Baker's Rule 3.850 motion.

### E.    Section 2254 Petition

On February 4, 2013, Baker filed in federal district court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254.  In relevant part, Baker asserted, as Ground One, that his convictions for engaging in a scheme to defraud and committing grand theft are unconstitutional because they violate principles of double jeopardy.

In response to Baker's § 2254 petition, the state argued that Baker failed to exhaust his substantive double jeopardy claim because he did not raise the claim

during his appeal from the denial of his Rule 3.850 motion and, thus, did not present that claim throughout the state appellate review process. In reply, Baker asserted that he wrote multiple letters to his state post-conviction counsel, he filed a motion to discharge that attorney, and he filed a pro se brief that corrected factual inaccuracies in the initial appellate brief submitted by his post-conviction appellate counsel.

On August 28, 2014, the district court denied Baker's § 2254 petition. In relevant part, the district court found that Baker did not raise his substantive double jeopardy claim before the state post-conviction appellate court and, therefore, the argument was abandoned in his state post-conviction appeal. Accordingly, Baker's substantive double jeopardy claim was procedurally defaulted in federal court because it was not exhausted in state court. The district court further found that Baker failed to establish both cause for his procedural default, and prejudice resulting therefrom.

Baker timely appealed from the district court's denial of his § 2254 petition. We granted a certificate of appealability on the issue of "[w]hether Baker's claim of a double jeopardy violation [i.e., Ground One] was unexhausted and procedurally defaulted, and if so, whether he established cause and prejudice."[1]

---

[1]We review whether a § 2254 claim is procedurally barred de novo as a mixed question of law and fact. Ogle, 488 F.3d at 1368. We liberally construe documents that were filed pro se. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

7

## II. DISCUSSION

### A.    Exhaustion Requirement Principles

A state prisoner is required to exhaust the remedies available to him in state court before asserting a claim in a § 2254 petition.  28 U.S.C. § 2254(b)(1)(A). The prisoner must fairly present the claim to the state courts.  Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir. 2007).  Thus, the prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999).  If a petitioner fails to exhaust his state remedies, and those state remedies are no longer available, then that failure is a procedural default that will bar federal habeas relief, unless the petitioner can meet the cause and prejudice exception.  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).

A procedurally defaulted claim may be reviewed if the petitioner demonstrates cause for the default and prejudice resulting from the default. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).  A petitioner presents cause for the procedural default if an objective factor external to his defense impeded his ability to raise the claim in state court.  Id.  A petitioner demonstrates prejudice if he shows a reasonable probability that the result of the proceedings would have been different, but for the error.  Id.

8

Generally, any ineffective assistance from counsel during collateral-review proceedings does not provide cause to excuse a procedural default.  Id.  However, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Martinez v. Ryan, 566 U.S. ___, ___, 132 S. Ct. 1309, 1320 (2012).  This exception does not extend to attorney errors made in appeals from initial-review collateral proceedings.  See id.  ("The holding in this case does not concern attorney errors in . . . appeals from initial-review collateral proceedings.").

B.     **Analysis of Baker's Claim**

Here, we cannot say the district court erred in denying relief on Ground One of Baker's § 2254 petition, as Baker's substantive double jeopardy claim, asserted as Claim One in Baker's Rule 3.850 motion, was unexhausted in state court and, therefore, subject to procedural default.  Moreover, the cause and prejudice exception in Martinez does not apply to Baker's case.

1. Abandonment and procedural default

Baker abandoned his substantive double jeopardy claim before the state post-conviction appellate court, as that claim was neither raised in Baker's initial

9

counseled appellate brief, nor in his pro se appellate brief.  See Marshall v. State, 854 So. 2d 1235, 1252 (Fla. 2003) (holding that if an appellant does not raise and argue a claim in his or her initial appellate brief, then that claim is deemed abandoned because it is insufficiently presented for review).  While both briefs challenged the state post-conviction court's denial of Claim Two of Baker's Rule 3.850 motion, which alleged that trial counsel's failure to inform Baker of potential double jeopardy issues amounted to ineffective assistance of counsel, neither brief challenged the state post-conviction court's denial of Claim One of Baker's Rule 3.850 motion on the grounds that Baker waived any double jeopardy argument by entering into a written plea agreement.  Therefore, Baker's substantive double jeopardy claim was not exhausted in state court because Baker abandoned it on appeal and, thus, did not raise the claim throughout one round of Florida's established appellate review process.  O'Sullivan, 526 U.S. at 845, 119 S. Ct. at 1732.  Accordingly, Baker's substantive double jeopardy claim was subject to a procedural default because he failed to exhaust the claim in state court, and his state remedy was no longer available because the claim would be time-barred.[2]

Smith, 256 F.3d at 1138.

---

[2]Florida requires a petitioner who seeks to challenge his judgment or sentence on the ground that it violates a constitutional right to file a motion, under Florida Rule of Criminal Procedure 3.850, within two years after his judgment and sentence become final, unless, in relevant part, the petitioner claims that the judgment or sentence violates a fundamental constitutional right that was not established within that two-year period and has been held to apply retroactively.  Fla. R. Crim. P. 3.850(a)(1), (b), (b)(2).

2.  Cause and prejudice

As an initial matter, we note that while this Court reads briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).   Baker's opening appellate brief asserts, without explanation, that "Petitioner has established cause and prejudice."  Typically, this Court would not even address this perfunctory and underdeveloped argument.  United States Steel Corp. v. Astrue, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007).  Nevertheless, for the sake of comprehensiveness, we conclude that Baker failed to establish cause to excuse his failure to exhaust his substantive double jeopardy claim.

Under the facts of this case, there would be no "objective factor[s] external to [Baker's] defense" that impeded his ability to raise his substantive double jeopardy claim before the state post-conviction appellate court other than post-conviction appellate counsel's ineffective assistance.  Henderson, 353 F.3d at 892.  However, the Supreme Court has explicitly held that attorney errors made in appeals from initial-review collateral proceedings do not constitute cause excusing a procedural default.  See Martinez, 566 U.S. at ___, 132 S. Ct. at 1320.  Accordingly, Baker failed to demonstrate cause for his procedural default.  See id.  Because Baker failed to demonstrate cause for his procedural default, we need not address the existence of any resulting prejudice.

## III.  CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Baker's

§ 2254 petition.

**AFFIRMED.**