[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12549

Non-Argument Calendar

_____

RODERICK BERNARD LEWIS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02255-WFJ-AAS

_____

Before WILSON, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Roderick Lewis, proceeding *pro se*, appeals from the district court's denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) after the district court dismissed his 28 U.S.C. § 2254 petition for lack of jurisdiction. On appeal, Lewis argues that the district court should not have dismissed his § 2254 petition as second or successive, and should have granted his Rule 60 motion, because the first § 2254 petition he filed was never adjudicated on the merits. After careful review, we affirm.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006). When reviewing for abuse of discretion, we must affirm unless the district court applied an incorrect legal standard or made findings of fact that were clearly erroneous. *See Mincey v. Head*, 206 F.3d 1106, 1137 & n.69 (11th Cir. 2000). An appeal of a ruling on a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief, and not issues regarding the underlying judgment. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). "Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *Id.*

Pursuant to Rule 60(b), a party may seek relief from a civil judgment based on a number of specified reasons and, under Rule

60(b)(6), for any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). To qualify for relief under Rule 60(b)(6), the moving party must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). To reverse the denial of a Rule 60(b)(6) motion, it is not enough that a grant of the motion might have been permissible or warranted. *Id.* Rather, the appellant must demonstrate that the district court was required to grant relief. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a gatekeeping mechanism for the consideration of second or successive habeas petitions in federal courts. *See* 28 U.S.C. § 2244(b); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641–42 (1998). Section 2244(b) provides that before a second or successive habeas petition may be filed in the district court, the petitioner must receive authorization from the appropriate court of appeals allowing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). District courts lack jurisdiction to review second or successive habeas petitions that are filed without authorization from the appropriate court of appeals. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). A second petition is successive if the first was denied or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999).

Under AEDPA, a federal court may not grant habeas relief until the petitioner exhausts state court relief. 28 U.S.C. § 2254(b)(1)(A). The Supreme Court has held that a "habeas petition filed in the district court after an initial habeas petition was

unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniels*, 529 U.S. 473, 485–86 (2000). However, "[w]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (quotations omitted). In that instance, the unexhausted claims should be treated as if procedurally defaulted and the petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted." *Id.* (quotations omitted).

Here, the district court did not abuse its discretion in denying Lewis's Rule 60 motion. The district court correctly determined that it lacked jurisdiction to review his current § 2254 petition because it was a second or successive petition and Lewis failed to receive authorization to file it from this Court. *See* 28 U.S.C. § 2244(b)(3)(A). As the record reveals, Lewis's original petition was denied with prejudice after the district court determined the claims he raised were procedurally barred. *See Ogle*, 488 F.3d at 1370. Because his first petition was denied with prejudice, the instant petition is successive, and the district court was without jurisdiction to consider it. *Williams*, 510 F.3d at 1295; *Guenther*, 173 F.3d at 1329. Thus, the district court correctly determined that it lacked jurisdiction to review Lewis's § 2254 petition, and he cannot show

21-12549                 Opinion of the Court                 5

that the district court was required to grant him relief under Rule 60. *See Am. Bankers Ins. Co. of Fla.*, 198 F.3d at 1338.[1]  Accordingly, we affirm.

     **AFFIRMED.**

---

[1] We note that a certificate of appealability is not necessary where, as here, the district court dismissed Lewis's habeas petition without prejudice for lack of jurisdiction because that is not a "final order in a habeas corpus proceeding" under 28 U.S.C. § 2253(c). *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (quotations omitted).